UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA PENNEL,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN ADDICTION CENTERS, INC., a Nevada Corporation, AAC HOLDINGS, INC., a Nevada Corporation, MICHAEL NANKO, an individual, and DOES 1 through 24, inclusive,<br><br>    Defendants. | No.  2:20-cv-00284-JAM-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

On September 20, 2019, Melissa Pennel ("Plaintiff") filed a complaint in Sacramento County Superior Court against her former employer, American Addiction Centers, Inc., alleging numerous wage and hour violations, as well as pregnancy discrimination. Not. of Removal, ECF No. 1 at 2.  She thereafter amended the complaint to add AAC Holdings, Inc. as a Defendant.  Id.  AAC Holdings then filed a notice of removal, invoking the Court's diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Id.  At issue is Plaintiff's motion to remand, alleging the removal was untimely.  Mot., ECF No. 9, at 1.  AAC Holdings and

1

American Addictions Centers Inc. ("collectively Defendants") oppose this motion. ECF No. 13. For the reasons described below, the Court DENIES Plaintiff's motion to remand.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff worked at American Addiction Centers from May 13, 2018 until March 26, 2019, when she was allegedly terminated for being pregnant. Not. of Removal, Exh. A, FAC ¶¶ 10-25. Defendants American Addiction Centers and AAC Holdings are both incorporated in Nevada and operate out of the same office in Tennessee. Mot. 2. Both companies list the same president, director, and treasurer. Id. They also share the same website. Id. at 3.

After filing her Amended Complaint against Defendants, Plaintiff first served American Addiction Centers on January 6, 2020. Mot. at 2. Plaintiff personally delivered a copy of the summons and complaint to "Registered Agent Solutions, Inc.," at the address listen on American Addiction Centers' filings on the California Secretary of State Website. Id. The next day, Plaintiff also served AAC Holdings via "Registered Agent Solutions Inc," as it listed the same registered agent as American Addictions Center. Id. However, because AAC Holdings is registered in Nevada, it listed Registered Agent Solutions, Inc.'s Las Vegas, Nevada office as the address for service. Id. AAC Holdings filed its notice of removal on February 6, 2020— exactly thirty days from when American Addiction Center was

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 5, 2020.

served, but thirty-one days from when it was personally served. Id.  Plaintiff then filed her motion to remand on March 3, 2020. Id. at 1.

## II. JUDICIAL NOTICE

Both Parties ask the Court to take judicial notice of several documents.  See Plf's Req. for Judicial Notice ("RJN"), ECF No. 9-1, see also Def's RJN, ECF No. 14.  Specifically, Plaintiff asks the Court to take judicial notice of ten webpages pertaining to Defendants' entity information on the U.S. Securities and Exchange Commission's Websites; the California, Nevada and Tennessee Secretary of State Websites; and the United States Patent and Trademark Office.  Plf's RJN at 5.  She also asks the Court to take judicial notice of six webpages on Defendant American Addiction Centers' website.  Id. at 1-4. Defendants ask the Court to take judicial notice of Plaintiff's "Proof of Service and Summons" as to Defendant AAC Holdings filed on February 3, 2020 with the Sacramento Superior Court.  Def's RJN at 1.  Neither Party opposes the others' requests.

Under Federal Rule of Evidence 201, a district court may take judicial notice of a fact that is "not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  A court may therefore take judicial notice of court filings and other matters of public record. Reyn's Pasta Bella LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).  Accordingly, because the Parties seek judicial notice of documents that are matters of public record and because the requests are unopposed, the Court GRANTS these requests.

However, the Court may only take judicial notice of the existence of these documents, but not of the truth asserted in them. Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

### III.   OPINION

The party seeking removal bears the burden of establishing federal jurisdiction. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1986). Moreover, the removal statute is strictly construed against removal jurisdiction. Id. However, "[t]he statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." Fristoe v. Reynolds Metals, Co., 615 F.2d 1209, 1212 (9th Cir. 1980).

"The right to remove a case to federal court is entirely a creature of statute." Tejada v. Sugar Foods Corp., No. cv 10-05186 MMM, 2010 WL 4256242, at *2 (C.D. Cal. Oct. 18, 2020). A defendant may remove a case originally filed in state court, if it presents a federal question or if it is subject to diversity jurisdiction. 28 U.S.C. § 1441(a). The defendant must remove the case within 30 days of receiving either a copy of the initial pleading or after the service of the summons. 28 USC § 1446(b)(1). If there are multiple defendants, each defendant has 30 days to remove the case. Id. at § 1446(B). The nonmoving party then has 30 days to file a motion to remand on the basis of any defect other than lack of subject matter jurisdiction. 28 USC § 1447(c).

Sufficiency of service of process prior to removal is strictly governed by state law. See Tejada, 2010 WL 4256242, at

1 | *3 (quoting Lee v. City of Beaumont, 12 F.3d 933, 936-37 (9th
2 | Cir. 1993).  Under California law, a corporation may be served
3 | by delivering a copy of the summons and the complaint (a) "the
4 | person designated as an agent for service of process" or (b) "a
5 | person authorized by the corporation to receive service of
6 | process."  Cal. Code Civ. Proc. § 416.10 (West 2007).
7 |     Plaintiff does not dispute that Defendants have met their
8 | burden of establishing federal jurisdiction exists in this
9 | matter.  Instead, Plaintiff disputes whether the removal was
10 | timely.  Mot. at 1.  Plaintiff alleges the removal was untimely
11 | because AAC Holdings was actually served on January 6, 2020
12 | since Defendants share the same agent for service of process and
13 | operate as a single entity.  Id. at 6.  Defendants contend
14 | Plaintiff erroneously disregards the well-established principle
15 | that "each defendant has 30 days" to file a notice of removal.
16 | Opp'n at 1.  Neither Party cites authority directly on the issue
17 | of whether serving a defendant via the same registered agent the
18 | day prior, starts the removal clock for the other defendant
19 | despite being separately served.  But the Court finds
20 | Defendants' argument to be more persuasive.
21 |     Prior to 2011, Courts were split between two potential
22 | approaches to determining whether a notice of removal met the
23 | thirty-day time limitation in a case with multiple defendants
24 | that were served at separate times.  See Desfino v. Reiswig, 630
25 | F.3d 952, 956 (9th Cir. 2011)(discussing the split in
26 | authority).  Ultimately, the Ninth Circuit adopted the "later-
27 | served rule," which grants each defendant its own thirty days to
28 | remove after being served.  Id.  This approach was later adopted

5

by Congress, as is reflected in Section 1446(b)(2)(B). Accordingly, absent clear authority to the contrary, a plain reading of the statute weighs in favor of Defendants. Defendant AAC Holdings had its own "30 days after . . . service on [it] of the summons . . . to file the notice of removal." 28 USC § 1446(B).

The Court acknowledges that under California law "the statutory provisions regarding service of process should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant." Gibble v. Car-Lene Research, Inc., 67 Cal. App. 4th 295, 313 (1998). But the cases Plaintiff cites that liberally construe service of process, all involve Defendants who allege they were not properly served at all. See, e.g., Team Enterprises, LLC v. Western Inv. Real Estate Trust, No. CV F 08-1050 LJO SMS, 2008 WL 4367560, at *5 (E.D. Cal. Sept. 23, 2008) (finding service to be sufficient when defendant was only served at a business "that ha[s] the same address" and same president). Plaintiff does not cite any cases involving two defendants who are independently served and service on one of them starts the removal clock for the other. Notably, all but one of the cases Plaintiff relies on in support of her argument were decided prior to the Ninth Circuit and Congress' adoption of the "later-served rule." See Mot. and Reply. The one post later served rule case Plaintiff does cite is only for a footnote in the opinion stating that the removal time requirement is mandatory—a proposition that Defendants do not dispute. See Kuxhausen v. BMW Fin. Servs. NA Ltd. Liab. Co.,

707 F.3d 1136, 1142 n.4 (9th Cir. 2013).  While Defendants bear the burden of establishing removal is proper, they have established federal jurisdiction exists and timeliness "is not jurisdictional," Fristoe, 615 F.2d at 1212 (9th Cir. 1980).

The Court finds Defendant AAC Holdings was served on January 7, 2020—not January 6, 2020—and therefore met the mandatory time limit requirement for removal.  See Shop Ironworkers Local 790 Pension Trust v. Cofab Steel Corp., No. CV 07-2500 JSW, 2009 WL 1202030, at *3 (N.D. Cal. Apr. 30, 2009) (stating that even when "the party has actual notice of the suit," plaintiff bears the burden of proving "facts requisite to an effective service").

Lastly, the Court finds Plaintiff's alter ego argument in the alternative does not apply since Rule 4(h) is a federal rule, See Mot. at 7 (citing Hickory Travel Sys. v. TUI AG, 213 F.R.D. 547, 552 (N.D. Cal. 2003)(stating "sufficiency of process in federal courts is determined by Rule 4 of the Federal Rules of Civil Procedure.")) and in cases involving removal jurisdiction service of process prior to removal is governed by state law.  See Opp'n at 5; see also Gray v. Extended Stay America, Inc., No. 2:19-cv-01269-MCE-EFB, 2020 WL 1274265, at *4 (E.D. Cal. March 17, 2020) ("When service of process becomes effective is governed by state law.").  Accordingly, since the Federal Rules of Civil Procedure apply to a civil action only after it is removed from state court, the Court need not consider this argument.  See Fed. R. Civ. Proc. 81(c)(1).

///

///

IV.   ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Remand.

IT IS SO ORDERED.

Dated: June 8, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE